**THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**WENFRED FOSTER**                                                              **PLAINTIFF**

**v.**                                                              **CIVIL CASE NO. 4:20-CV-147-RP**

**COMMISSIONER OF SOCIAL SECURITY**                                         **DEFENDANT**

## OPINION AND JUDGMENT

Wenfred Foster seeks judicial review pursuant to 42 U.S.C. § 405(g) of an unfavorable

decision of the Commissioner of Social Security regarding an application for a period of disability,

disability insurance benefits and supplemental security income.   The parties have consented to entry

of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. §

636(c), with any appeal to the Court of Appeals for the Fifth Circuit.   The undersigned held a

hearing on September 15, 2021.   Having considered the record, the administrative transcript, the

briefs of the parties, the oral arguments of counsel and the applicable law, the undersigned finds the

Commissioner's decision is supported by substantial evidence and should be affirmed.

## Standard of Review

In determining disability, the Commissioner, through the Administrative Law Judge

("ALJ"), works through a five-step sequential evaluation process.[1]   The burden rests upon

plaintiff throughout the first four steps of this five-step process to prove disability, and if plaintiff

is successful in sustaining her burden at each of the first four levels, then the burden shifts to the

Commissioner at step five.[2]   First, plaintiff must prove she is not currently engaged in

---

[1]*See* 20 C.F.R. §§ 404.1520, 416.920 (2010).

[2]*Crowley v. Apfel,* 197 F.3d 194, 198 (5th Cir. 1999).

1

substantial gainful activity.[3]   Second, plaintiff must prove her impairment is "severe" in that it "significantly limits [her] physical or mental ability to do basic work activities . . . ."[4]   At step three the ALJ must conclude plaintiff is disabled if she proves that his impairments meet or are medically equivalent to one of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.09 (2010).[5]   If plaintiff does not meet this burden, at step four she must prove that she is incapable of meeting the physical and mental demands of her past relevant work.[6]   At step five, the burden shifts to the Commissioner to prove, considering plaintiff's residual functional capacity, age, education and past work experience, that she is capable of performing other work.[7] If the Commissioner proves other work exists which plaintiff can perform, plaintiff is given the chance to prove that she cannot, in fact, perform that work.[8]

The court considers on appeal whether the Commissioner's final decision is supported by substantial evidence and whether the Commissioner used the correct legal standard.   *Crowley v. Apfel,* 197 F.3d 194, 196 (5th Cir. 1999), citing *Austin v. Shalala,* 994 F.2d 1170 (5th Cir. 1993); *Villa v. Sullivan,* 895 F.2d 1019, 1021 (5th Cir. 1990).   The court has the responsibility to scrutinize the entire record to determine whether the ALJ's decision was supported by substantial

---

[3]20 C.F.R. §§ 404.1520(b), 416.920(b) (2010).

[4]20 C.F.R. §§ 404.1520(c), 416.920(c) (2010).

[5]20 C.F.R. §§ 404.1520(d), 416.920(d) (2010).   If a claimant's impairment meets certain criteria, that claimant's impairments are "severe enough to prevent a person from doing any gainful activity."   20 C.F.R. § 416.925 (2003).

[6]20 C.F.R. §§ 404.1520(e), 416.920(e) (2010).

[7]20 C.F.R §§ 404.1520(g), 416.920(g) (2010).

[8]*Muse*, 925 F.2d at 789.

evidence and whether the proper legal standards were applied in reviewing the claim. *Ransom v. Heckler*, 715 F.2d 989, 992 (5th Cir. 1983). The court has limited power of review and may not reweigh the evidence or substitute its judgment for that of the Commissioner,[9] even if it finds that the evidence leans against the Commissioner's decision.[10] The Fifth Circuit has held that substantial evidence is "more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999) (citation omitted). Conflicts in the evidence are for the Commissioner to decide, and if there is substantial evidence to support the decision, it must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The court's inquiry is whether the record, as a whole, provides sufficient evidence that would allow a reasonable mind to accept the conclusions of the ALJ. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "If supported by substantial evidence, the decision of the [Commissioner] is conclusive and must be affirmed." *Paul v. Shalala*, 29 F.3d 208, 210 (5th Cir. 1994), citing *Richardson v. Perales,* 402 U.S. 389, 390, 28 L.Ed.2d 842 (1971).

## Commissioner's Decision

At step one of the sequential analysis, the ALJ found that the plaintiff has not engaged in substantial gainful activity since the alleged onset date. At step two, she found that the plaintiff has the severe impairments of L3-L-4 spondylolisthesis and obesity. At step three, she found that none of these impairments or combination of these impairments meets or medically equals a

---

[9]*Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

[10]*Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988).

listed impairment. The ALJ then found the plaintiff has the residual functioning capacity ("RFC") to perform the full range of light work. At step four, the ALJ reviewed the medical vocational rules and determined that plaintiff is not disabled and it was not necessary to question a vocational expert as to plaintiff's past relevant work. Additionally, at step five, the ALJ found that considering the plaintiff's age, education, work experience, and RFC, when the medical vocational rules are applied, jobs exist in significant numbers in the national economy that the plaintiff can perform. As such, the ALJ concluded that the plaintiff is not disabled.

## Discussion

The plaintiff makes several arguments of error on appeal. First, she argues the ALJ erroneously found the administrative medical findings of the state agency medical consultants, who found the plaintiff is capable of performing light work, to be persuasive when those consultants did not have the benefit of subsequent material evidence, specifically the treatment record of the plaintiff's April 17, 2020 visit to Delta Health Center. However, the plaintiff cites no authority – and the court is aware of none -- for the proposition that when the record contains material evidence subsequent to the administrative medical findings (which is often – if not always – the case), the ALJ may not find such findings to be persuasive. In this case, in discussing the consistency of the administrative medical findings with other record evidence as he was required to do, the ALJ found the findings are consistent with the April 17, 2020 visit, at which the examination of the plaintiff's lumbar spine showed tenderness, range of motion, and moderate pain with motion. These examination results do not compel an assessment of a sedentary RFC as the plaintiff suggests, and the ALJ's finding that they are consistent with the

4

light RFC assessed by the state agency medical consultants is not error. The ALJ's finding that the prior administrative medical findings are persuasive is supported by substantial evidence.

Next, the plaintiff argues that the ALJ erroneously failed to incorporate into the RFC a limitation requiring the use of an assistive device to ambulate. To find that a hand-held assistive device is medically required, there must be medical documentation establishing the need for such a device to aid in standing or walking and describing the circumstances for which it is needed. SSR 96-9P (S.S.A.), 1996 WL 374185, at *7 (1996). The plaintiff points to her June 12, 2019 medical prescription for a wheeled walker, but as the ALJ pointed out in her decision, the provider's medical records indicate the walker was prescribed only for 30 days. Aside from this, there is substantial evidence in the record supporting the ALJ's conclusion that the plaintiff does not require an assistive device to ambulate, including a fraud investigation conducted by the Cooperative Disability Investigations Unit showing the plaintiff had previously falsely claimed she could not walk and would fall without an assistive device.

Next, the plaintiff argues that the ALJ failed to adequately develop the record when she denied the plaintiff's request for a consultative examination. "The ALJ's duty to undertake a full inquiry, however, 'does not require a consultative examination at government expense unless the record establishes that such an examination is *necessary* to enable the administrative law judge to make the disability decision.'" *Pierre v. Sullivan*, 884 F.2d 799, 802 (1989) (quoting *Turner v. Califano*, 563 F.2d 669, 671 (5th Cir. 1977) (emphasis in original)). Whether to require such an examination is within the ALJ's discretion. *Pierre,* 884 F.2d at 802. Even where an ALJ has failed to develop an adequate record, reversal is not warranted unless the claimant shows he was prejudiced as a result. *Kane v. Heckler,* 731 F.2d 1216, 1220 (5th Cir. 1984). "]He] must show that, had the

ALJ done his duty, [he] could and would have adduced evidence that might have altered the result." *Kane,* 731 F.2d at 1220.

The plaintiff based her request for a CE – and bases her argument of error on appeal -- on her contention that the record lacks sufficient evidence from the relevant time period to enable the ALJ to make a decision. However, in denying the request for a CE, the ALJ disagreed with this contention, pointing out the number of medical exhibits that pertain to the relevant time period. This was not an abuse of discretion, and in any event the plaintiff has not shown what evidence she would have adduced that might have altered the result.

Finally, the plaintiff argues the ALJ erroneously pointed out the plaintiff's failure to pursue prescribed treatment – physical therapy – without considering the plaintiff's lack of resources as a reason for not following the prescribed treatment. The plaintiff refers to instances in the record where she indicated she has no medical insurance and cannot afford certain treatments. In support, she cites *Lovelace v. Bowen,* in which the Fifth Circuit stated that while a medical condition that can reasonably be remedied by treatment is not disabling, if "the claimant cannot afford the prescribed treatment or medicine, and can find no way to obtain it, 'the condition that is disabling in fact continues to be disabling in law.'" 813 F.2d 55, 59 (5th Cir. 1987) (quoting *Taylor v. Bowen,* 782 F.2d 1294, 1298 (5th Cir. 1986)). However, as the Commissioner points out, there is no evidence in the record of the plaintiff's inability to obtain the prescribed physical therapy at little or no cost. Moreover, the *Lovelace* claimant had a disabling condition which the ALJ found could be remediated and thus did not support a finding of disability. 813 F.2d at 59. The Fifth Circuit has distinguished *Lovelace* and *Bowen* from cases where, as here, the ALJ relied upon the lack of treatment as an indication there is no disabling condition. *Villa v. Sullivan,* 895 F.2d 1019, 1024 (5th Cir. 1990). The ALJ in this case

6

committed no error in mentioning the plaintiff's apparent failure to pursue the prescribed physical therapy.

For these reasons and for those announced on the record at the conclusion of oral argument, the court finds the Commissioner's decision is supported by substantial evidence, and it is AFFIRMED.

**SO ORDERED**, this the 15th day of September, 2021.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE

7